In the Matter of RUDOLPH HALLEY, Petitioner, against WILLIAM L. FANNING et al., as Commissioners of the State Insurance Fund, Respondents.

Supreme Court, Special Term, New York County, October 28, 1953.

*Max Bloom* for petitioner.

*Bernard Katzen* for respondents.

*Louis Lefkowitz* for Harold Riegelman, as Republican Party Candidate for Mayor, *amicus curiæ*.

AURELIO, J.   Petitioner is a candidate for the office of Mayor of the City of New York in the ensuing election.   He seeks by this application to require and direct respondents as Commissioners of the State Insurance Fund to make available to him for inspection and to make copies of all testimony, information and data in the possession of the State Insurance Fund with regard to one Lawrence E. Gerosa (a candidate for comptroller of the City of New York in the ensuing election) and any firm or corporation owned or controlled by him or of which he is an officer, director or principal stockholder as may relate to purported falsification of records or bribery of officials.

The Legislature of the State of New York has specifically enacted that information acquired by respondents shall not be open to public inspection except upon authority of the commissioners or pursuant to their regulations or as otherwise required by law.   Indeed, it is a crime to do otherwise.

Section 98 of the Workmen's Compensation Law provides: "§ 98. *Disclosures prohibited*   Information as required by the state fund, or its officers or employees, from employers or employees pursuant to this chapter shall not be opened to public inspection, and any officer or employee who, without authority of the commissioners or pursuant to their regulations, or as otherwise required by law, shall disclose the same shall be guilty of a misdemeanor."

Section 96 of the Workmen's Compensation Law provides: "§ 96. *Wilful misrepresentation*   Any person who wilfully misrepresents any fact in order to obtain insurance in the state insurance fund at less than the proper rate for such insurance, or in order to obtain payment out of such fund, shall be guilty of a misdemeanor."

Likewise bribery of an official is a crime. (See Penal Law, art. 34.)

An inherent duty rests on respondents to bring all unlawful acts to the attention of the proper authorities.   Nothing is presented and it cannot be assumed that respondent commissioners are not properly exercising the duties of their office.   But even if it be assumed that wrongdoing exists which respondents or their predecessors have not properly brought to the attention of the District Attorney, anyone can make independent complaint

and bring the District Attorney's attention to this for investigation.

Respondents assert in their answer to the petition that the files sought to be opened to public inspection contain not only information obtained from Gerosa but matters of hearsay and reference to others not related to this application. An unqualified consent to open the files was demanded, it is alleged, from Mr. Gerosa but was not received. Parenthetically it may be observed that Mr. Gerosa is not a party to the present proceeding.

Subdivision 3 of section 82 of the Workmen's Compensation Law, so far as is pertinent, provides that the commissioner '' shall have access to all records and books of account, and may require the personal appearance before them and require information from any officer or employee of the fund. Information obtained by them from officers and employees of the fund and from its records with respect to the business affairs of any employer insured in the fund shall be deemed confidential *unless ordered disclosed by order of the commissioners.''* (Italics supplied.)

The commissioners have the sole authority to order disclosure of matters otherwise confidential if they deem it necessary in the exercise of their duties. No one's consent is needed or required.

In sum, no legal basis for the present application is shown nor does it appear that respondents have been unreasonable, arbitrary or capricious in not making the file public.

The motion is in all respects denied.